Michael J. Murtaugh (Bar No. 57874)
Devin E. Murtaugh (Bar No. 293464)
MURTAUGH TREGLIA STERN & DEILY LLP
2603 Main Street, Penthouse
Irvine, California 92614-6232
(949) 794-4000/FAX (949) 794-4099
mmurtaugh@murtaughlaw.com
dmurtaugh@murtaughlaw.com.com

Attorneys for Plaintiff,
PATEL BURICA & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATEL BURICA & ASSOCIATES, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>JASON LIN, an individual; and JKL STRUCTURAL ENGINEERING, INC., a California corporation,<br><br>Defendants. | Docket No.: 8:19-cv-1833<br><br>**Assigned For All Purposes To:**<br><br>**COMPLAINT FOR**<br><br>**(1) COPYRIGHT INFRINGEMENT OF ENGINEERING PLANS; AND**<br><br>**(2) TRADE SECRET MISAPPROPRIATION**<br><br>DATE OF FILING:<br>TRIAL DATE: |

**JURISDICTION AND VENUE**

1.   This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§101 et. seq, and under the California Uniform Trade Secrets Act.  This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1338(a), and supplemental jurisdiction under 28 U.S.C. § 1367.

Venue is proper in this district under 28 U.S.C. §1391(b)(2), as a substantial part of the events or omissions giving rise to the claim occurred in the district, and because this action concerns infringement of structural plans for improvements of real property situated in the district; and also under 28 U.S.C.

1  §1391(b)(1), as all defendant reside in the district.

## PARTIES

2. Plaintiff PATEL BURICA & ASSOCIATES, INC. (hereinafter "PBA" and/or "Plaintiff") is a structural engineering firm incorporated and doing business in California, with its principal place of business in Irvine.

3. Defendant JASON LIN, ("LIN") is an individual who was employed by PBA as an intern at PBA's Orange office in the summer of 2006 and as an engineer at PBA's Irvine offices from 2011-2014.

4. Defendant JKL STRUCTURAL ENGINEERING, INC. ("JKL") is a California corporation, registered with the California Secretary of State approximately one year after LIN departed PBA.  On information and belief, LIN owns JKL and uses JKL to perform engineering work for various clients out of his private home in Arcadia, CA.

## FACTUAL BACKGROUND

5. PBA has created numerous copyright-protected design details (the "Copyrighted Material") for use in its structural plans, and registered the copyrights.  PBA has also developed various trade-secret materials for use in its design work, including CAD files which contain proprietary design details and embedded algorithms to automate the design process, and excel spreadsheets used to conduct structural load calculations (the "Trade Secrets").  The Copyrighted Material and Trade Secrets were costly for PBA to develop, and give PBA a competitive advantage in its field.  PBA stores the Trade Secrets on its password-protected computer systems, does not permit its employees to access the Trade Secrets except for PBA's work-related purposes, and expressly designates and protects the confidentiality of the Trade Secrets under the terms of PBA's employment agreement with LIN.

7. After years of employment, LIN quit his position at PBA in about June of 2014.  For about two months prior to his departure, LIN occasionally

worked from home, where he had remote access to PBA's computer systems. At that time, PBA had no indication that LIN had downloaded or otherwise taken any of the Copyrighted Material or Trade Secrets for his own use.

8. Today, LIN is a Vice President at a competing engineering firm in Irvine. However, on information and belief, LIN also does work on his own through his personal corporation, Defendant JKL.

9. In 2019, PBA discovered plans that LIN/JKL had prepared for the construction of a new private home in Arcadia. The detail drawings on the plans are identical to PBA's Copyrighted Material. PBA now believes that LIN took PBA's Copyrighted Material and Trade Secrets prior to the end of his employment with PBA in 2014, has been using PBA's property for his own professional and financial gain ever since, and intends to continue doing so in the future.

## COUNT I
### (COPYRIGHT INFRINGEMENT)

10. Plaintiff hereby incorporates the allegations of paragraphs 1 through 9 as though fully set forth herein.

11. On information and belief, LIN and JKL have prepared and continue to prepare numerous derivative works based and infringing upon the Copyrighted Material, without PBA's approval or authorization.

12. PBA has no adequate remedy at law to redress all of the injuries the Defendants have caused and intend to cause by their ongoing infringing activities. Plaintiff will continue to suffer irreparable damage and sustain lost profits until the Defendants' actions alleged above are enjoined by this Court.

## COUNT II
### (TRADE SECRET MISAPPROPRIATION)

13. Plaintiff hereby incorporates the allegations of paragraphs 1 through 12 as though fully set forth herein.

14. Defendants' theft and misuse of the Trade Secrets constitutes actionable trade-secret misappropriation under the California Uniform Trade Secret Act ("UTSA"). The misappropriation was willful and malicious in that LIN and JKL knew the Trade Secrets belonged to PBA, and knew that they were not permitted to take the Trade Secrets for their own use, but surreptitiously stole the Trade Secrets anyway.

15. Under the UTSA, PBA is entitled to (1) under Civ. Code section 3426.2, an injunction prohibiting Defendants from continuing to use the Trade Secrets, or alternatively a reasonable royalty for Defendants' use of the trade secrets; (2) under section 3426.3, actual damages, plus Defendants' unjust enrichment caused by the misappropriation, or alternatively a reasonable royalty, plus punitive damages; (3) under section 3426.4, attorneys' fees and expert fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants as follows:

a) That the Court issue injunctive relief against Defendants, and that Defendants and their directors, principals, officers, agents, representatives, servants, employees, successors and assigns, and all others acting in concert or participation with them, be enjoined and restrained from copying, modifying, distributing or making any other infringing use of the Copyrighted Material under 17 U.S.C. § 502;

b) That the Court issue an order requiring the impounding and destruction of all infringing copies and derivative works made by or under the control of Defendants and all articles by which such copies and works may be reproduced under 17 U.S.C. § 503;

c) An award of Plaintiff's actual damages plus the profits of Defendants attributable to the infringement under 17 U.S.C. § 504(b);

///

d)   For injunctive relief prohibiting Lin from making further use of the Trade Secrets, or alternatively for a reasonable statutory royalty under the UTSA;

e)   For disgorgement of Defendants' unjust enrichment gained through Defendants' trade-secret misappropriation under the UTSA;

f)   For statutory attorneys' fees and expert fees under the UTSA;

g)   For punitive damages under the UTSA;

h)   For prejudgment interest on all sums awarded;

i)   For costs of suit incurred herein; and

j)   For such further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: September 25, 2019          MURTAUGH TREGLIA STERN & DEILY LLP

By: */s/ Devin Murtaugh*
Michael J. Murtaugh
Devin Murtaugh
Attorneys for Plaintiff
PATEL BURICA & ASSOCIATES, INC.