UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
|---|---|---|---|
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

Present: The Honorable    **CHRISTINA A. SNYDER**

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS (ECF No. 16-1, filed on November 12, 2019)

## I. INTRODUCTION AND BACKGROUND

This case concerns the alleged infringement of a structural engineering firm's copyrighted designs, as well as the alleged misappropriation of that firm's other non-copyrighted trade secrets, by a former employee.

For the purpose of this motion, and unless stated otherwise, the Court assumes the truth of the following allegations. Plaintiff Patel Burica & Associates, Inc. ("PBA") is a structural engineering firm based in Irvine, California. ECF No. 1 ("Compl.") ¶ 2. Defendant Jason Lin ("Lin") is a structural engineer who was employed by PBA in 2006 as an intern, and between 2011 and 2014 as a staff engineer. Id. ¶ 3. After leaving PBA, Lin joined a competing engineering firm in Irvine and also formed a new entity based in Arcadia, California—defendant JKL Structural Engineering, Inc. ("JKL")—to provide private structural engineering services to clients. Id. ¶¶ 4, 7.

PBA filed this action on September 25, 2019. Id. PBA claims that it "created numerous copyright-protected design details" for use in its structural plans, and "registered the copyrights." Id. ¶ 5. PBA refers to these unidentified design details as the "Copyrighted Material," but does not explain what these details comprise, what they relate to, or how they are used. Id. PBA does not attach images of its allegedly copyrighted designs, the copyright registrations, or even the corresponding registration numbers. PBA also claims that it separately, and at great cost, "developed various trade-secret materials for use in its design work," including "CAD files" that "contain proprietary design details and embedded algorithms to automate the design process," as well as coded "spreadsheets used to conduct structural load calculations." Id. PBA alleges that the trade secrets "give

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

PBA a competitive advantage in the field," and are accordingly stored in secured and access-restricted computer systems. Id. As an added layer of precaution, PBA requires its employees to protect the confidentiality of PBA's trade secrets as a term of their employment agreement. Id.

PBA alleges that Lin had access, including remote access, to the PBA computer systems where the alleged copyrighted and trade secret materials are stored. Id. ¶ 7. At some point in 2019, PBA claims that it "discovered plans that Lin/JKL had prepared for the construction of a new private home in Arcadia." Id. ¶ 8. The discovered plans are not described, or attached, to PBA's complaint. However, according to PBA, the "detail drawings on the plans are identical" to the copyrighted material that Lin had access to while he was employed by PBA. Id. On this basis, PBA alleges that Lin "took PBA's Copyrighted Material and Trade Secrets prior to the end of his employment with PBA in 2014," "us[ed] PBA's property for his own professional and financial gain," and "intends to continue doing so in the future." Id. ¶ 9. PBA claims that Lin's and JKL's conduct unlawfully infringes on its copyrights pursuant to 17 U.S.C. §§ 101 et seq., id. ¶¶ 10-12, and violates anti-misappropriation provisions of the California Uniform Trade Secrets Act (Cal. Civil Code §§ 3426 et seq.) ("CUTSA"), id. ¶¶ 13-15.

Defendants Lin and JKL filed the instant motion to dismiss on November 12, 2019. See ECF No. 16-1 ("MTD"). PBA filed an opposition on December 2, 2019. See ECF No. 19 ("Opp."). Defendants filed their reply on December 9, 2019. See ECF No. 21 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. Proc. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding dismissal with prejudice is appropriate only when the complaint could not be saved by amendment).

### III.  DISCUSSION

Defendants move to dismiss both the copyright infringement claim, and the CUTSA claim. The Court addresses each claim below.

#### A.  Copyright Infringement

To state a claim for copyright infringement, a plaintiff must allege (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | | | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | | | |

The first element "breaks down into the following constituent parts": (a) originality in the author; (b) copyrightability of the subject matter; (c) a national point of attachment of the work, such as to permit a claim of copyright; and (d) compliance with applicable statutory formalities. Minx Int'l Inc. v. Club House Creations Inc., No. 15-CV-05645 CAS (PLAx), 2016 WL 878479, *3 (C.D. Cal. Mar. 7, 2016) (quoting 4-13 Nimmer on Copyright § 13.01 (2015)). A valid "copyright registration certificate constitutes *prima facie* evidence" of ownership. Feist, 499 U.S. at 361.

The second element, copying, may be established (a) with direct evidence that the defendant actually copied the work, or (b) by showing that the defendant (i) had access to the work and (ii) that the works are "substantially similar." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). "[I]n the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that" the work and the alleged copy are "strikingly similar." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). Substantial or striking similarity is, in turn, determined by "a two-part test of extrinsic similarity and intrinsic similarity." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). "[T]he extrinsic test requires that the plaintiff identify concrete elements based on objective criteria" that the works are similar. Id. "Once the extrinsic test is satisfied, the factfinder applies the intrinsic test . . . and asks 'whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar.'" Id. (quoting Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted)). Since access and substantial similarity are "inextricably linked," the Ninth Circuit follows the "inverse ratio rule" that "operates like a sliding scale": "the greater the showing of access, the lesser the showing of substantial similarity is required." Williams v. Gaye, 885 F.3d 1150, 1163 (9th Cir. 2018) (internal citations and marks omitted).

PBA satisfies the first element of ownership. Although PBA does not attach or identify any particular copyright registrations to its complaint, PBA does allege that it possesses valid registered copyrights to the work or works it claims to be at issue. See Compl. ¶ 5. That allegation, while threadbare, satisfies the ownership element at the pleading stage. See Masterson v. Walt Disney Co., No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019) (concluding that plaintiff "adequately alleged ownership of a valid copyright" by simply asserting that she possessed an "existing and valid copyright" in the work at issue since "[t]o conclude otherwise would require the Court to resolve inferences against Plaintiff") (citing Iqbal, 556 U.S. at 679).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

However, the Court concludes that PBA does not sufficiently plead copying because the complaint fails to put defendants on notice of what design detail or details they are alleged to have infringed upon. Although "it is no longer necessary" for a plaintiff alleging copyright infringement to attach "a copy of the work allegedly infringed" to its complaint, 3 Nimmer on Copyright, § 12.09[B] (2019), a plaintiff must at least allege facts that allow a defendant to "identify which specific [works] they are alleged to have impermissibly copied." Boost Beauty, LLC. v. Woo Signatures, LLC, No. 18-CV-02960-CAS-E, 2018 WL 6219895, at *4 (C.D. Cal. July 23, 2018) (granting motion to dismiss where plaintiff "fail[ed] to provide even written descriptions of the images or words that form the Work" that was allegedly copied).

Here, the complaint does not describe, in any level of specificity, what "design details" Lin and JKL allegedly copied. That is insufficient. To state a claim for copyright infringement, PBA "must plead some non-speculative facts about what Defendant infringed and how." Synopsys, Inc. v. ATopTech, Inc., No. 13-CV-02965 SC, 2013 WL 5770542, at *4 (N.D. Cal. Oct. 24, 2013) (granting motion to dismiss infringement claim because "Plaintiff never makes clear what Defendant copied," and merely "allege[d] . . . that Defendant had access to, copied, and prepared derivative works based on" the copyrighted material); see also Emeline Tate-Robertson v. Walmart, Inc., et al., No. 19-CV-1927-JGB (SHKx), 2019 WL 6448960, at *5 (C.D. Cal. May 16, 2019) (granting motion dismiss because the complaint "contains no mention of any element of Plaintiff's design, let alone identification of which elements are copyrightable," and "provides only entirely conclusory allegations regarding the designs as a whole").

The insufficiency of the copying allegations are particularly problematic in this case because PBA asserts copying on a substantial (or striking) similarity theory, as well as a direct copying theory. See Opp. at 8-9. A substantial or striking theory of copying "requires" PBA to "identify concrete elements based on objective criteria" that demonstrate that the allegedly infringing work, and the copyrighted work, are similar. Three Boys Music Corp., 212 F.3d at 485. But "without alleging what the copyrighted works here are, and what the purported infringing works are," PBA cannot "alleg[e] that the two sets of works here are substantially similar." Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co., No. 12-CV-6972 FMO (JEMx), 2014 WL 12585806, at *6 (C.D. Cal. Feb. 14, 2014) (concluding that plaintiff did not adequately allege copying, for purposes of granting default judgment, when it "fail[ed] to explicitly state which materials were allegedly reproduced or derivatively created from which particular copyrighted works").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

|          |                          |      |                    |
|----------|--------------------------|------|--------------------|
|          | **CIVIL MINUTES – GENERAL** |      | **'O'**            |
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019  |
| Title    | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. |      |                    |

For example, in <u>Fuzzy Logic Productions, Inc. v. Trapflix, LLC</u>, No. CV 15-6203 PA (SSX), 2015 WL 12791508 (C.D. Cal. Nov. 20, 2015), the plaintiff filmmakers alleged that the defendant filmmakers infringed upon their copyrighted film "Snow on tha Bluff" by producing unauthorized spinoffs. <u>Id.</u> at *1. To prove the copying element, plaintiffs asserted a substantial similarity theory. <u>Id.</u> at *3. In granting the defendants' motion to dismiss, the court concluded that the plaintiff filmmakers did "not allege sufficient facts to state a plausible claim for copyright infringement" because the complaint was "devoid of any comparisons of protectable elements that would allow the Court to apply the extrinsic test" that their substantial similarity theory of copying required. <u>Id.</u> at *4.

Faced with comparably conclusory infringement allegations, courts within this district consistently reach the same conclusion. <u>See, e.g.</u>, <u>Evans v. McCoy-Harris</u>, No. 17-CV-8345-DMG (AGRx) 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019) (granting motion to dismiss where "Plaintiff ha[d] failed to plead facts establishing any similarities, let alone substantial similarities, between the protectable elements of the infringing and infringed works" because "the FAC [was] entirely devoid of allegations establishing the protectable elements of the infringed works" and "Plaintiff ma[de] no effort to compare the copyrightable elements of" the allegedly infringing work with the allegedly infringed works); <u>Divine Dharma Meditation Int'l Inc. v. Inst. of Latent Energy Studies</u>, No. 16-CV-0226-JLS (JCGx), 2016 WL 7486286, at *5 (C.D. Cal. May 25, 2016) (concluding that plaintiffs "fail to adequately allege substantial similarity," even where plaintiffs "identify their six copyrighted works," because plaintiffs only offered "a broad and generic description of each work" and "provide no factual allegations of any articulable similarities between the allegedly infringing work and their own copyrighted material").

The Court finds the foregoing authorities persuasive, and accordingly **GRANTS** defendants' motion to dismiss PBA's claim for copyright infringement, without prejudice.[1]

---

[1] Because the Court dismisses PBA's copyright claim without prejudice, the dismissal does not extinguish the Court's federal subject matter jurisdiction over this dispute between non-diverse parties. The Court reserves decision on whether to exercise supplemental jurisdiction over the CUTSA claim, discussed below, in the event it ultimately dismisses the copyright claim without leave to amend. <u>See</u> 28 U.S.C. § 1367(c)(3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

### B.    CUTSA

To state a claim for trade secret misappropriation pursuant to CUTSA, PBA must allege (1) the possession of a trade secret, (2) that the defendants acquired, disclosed, or used PBA's trade secret through improper means, and (3) that the defendants' actions damaged PBA in some way. Cytodyn, Inc. v. Amerimmune Pharms., Inc., 160 Cal. App. 4th 288, 297 (2008) (citations and quotations omitted).

To determine whether business information is a trade secret, courts assess "whether the matter sought to be protected is information (1) that is valuable because it is unknown to others and (2) that the owner has attempted to keep secret." DVD Copy Control Ass'n Inc. v. Burner, 116 Cal. App. 4th 241, 251 (2004). Information widely disclosed to the public is not a trade secret. In re Providian Credit Card Cases, 96 Cal. App. 4th 292, 304 (2002) ("If an individual discloses his trade secret to others who are under no obligation to protect the confidentiality of the information, or otherwise publicly discloses the secret, his property right is extinguished") (quotations omitted).

"It is critical to any CUTSA cause of action—and any defense—that the information claimed to have been misappropriated be clearly identified." Silvaco Data Sys. v. Intel Corp., 184 Cal. App. 4th 210, 221 (2010). This is because it is "impossible to intelligibly analyze the remaining elements that constitute the cause of action" unless "the content and nature of the claimed secret is ascertained." Altavion, Inc. v. Konica Minolta Sys. Lab. Inc., 226 Cal. App. 4th 26, 43 (2014). For this reason, to establish the first element, PBA "must first identify its alleged trade secrets with 'reasonable particularity.'" WeRide Corp. v. Kun Huang, 379 F. Supp. 3d 834, 845 (N.D. Cal. 2019) (citing Cal. Civ. Proc. Code § 2019.210); see also Action Learning Sys., Inc. v. Crowe, No. 14-CV-5112-GW (SHX), 2014 WL 12564011, at *4 (C.D. Cal. Aug. 11, 2014) (same).

Compared to its copyright allegations, PBA's trade secret allegations are fairly detailed. PBA claims that it expended considerable resources to develop certain "CAD files" that "contain proprietary design details and embedded algorithms to automate the design process," as well as coded "spreadsheets used to conduct structural load calculations" related to PBA's structural engineering work. Compl. ¶ 5. PBA alleges that these files and spreadsheets "give PBA a competitive advantage in the field," and it stores these files in secured and access-restricted computer systems. Id. PBA also requires its employees to protect the confidentiality of PBA's trade secrets as a term of their employment agreement. Id. Construing the complaint to draw inferences in PBA's favor,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 8:19-CV-01833 CAS (ADSx) | Date | December 19, 2019 |
| Title | PATEL BURICA & ASSOCIATES, INC. V. JASON LIN ET AL. | | |

PBA alleges that Lin had access to its protected files and spreadsheets during his employment at PBA (including remotely in his home for two months at the end of his employment in 2014), that Lin acquired these materials without permission by downloading them to his personal computer, and that Lin and JKL have since used PBA's protected materials to do business, damaging PBA by depriving it of revenue . Id. ¶¶ 5, 9, 14-15.

The Court concludes that these allegations are sufficiently specific to state a claim for trade secret misappropriation. Although defendants are correct that a plaintiff who discloses his trade secret information to the public by registering it with the copyright office extinguishes his right to protect that information from misappropriation as a trade secret, see, e.g., KEMA, Inc. v. Koperwhats, 658 F. Supp. 2d 1022, 1031 (N.D. Cal. 2009) (dismissing counterclaimant's trade secret claim where counterclaimant had disclosed the allegedly trade secret information to the U.S. Copyright Office without redaction), PBA appears to alleges that its trade secrets are distinct from the material it allegedly registered with the copyright office. Compl. ¶ 5. Although it is difficult to confirm that allegation at this point because, as discussed above, PBA fails to adequately allege what its alleged copyrights comprise, accepting the trade secret allegations as true, and drawing all inferences in plaintiffs' favor, the Court concludes that the alleged trade secret materials (i.e. the CAD files and coded spreadsheets) are not the same as the materials that PBA claims to have filed publicly with the copyright office.

For these reasons, defendants' motion to dismiss PBA's CUTSA claim is **DENIED**.

IV. **CONCLUSION**

In accordance with the foregoing, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** with respect to PBA's first claim for copyright infringement. That claim is **DISMISSED** without prejudice, and PBA shall have 14 days to file an amended complaint, if any. The motion is **DENIED** with respect to PBA's second state law claim for trade secret misappropriation.

IT IS SO ORDERED.

00:00<br>CMJ