| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANTS' MOTION TO DISMISS COPYRIGHT INFRINGEMENT CLAIM IN FIRST AMENDED COMPLAINT (ECF No. 25, filed on January 13, 2020)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of February 10, 2020 is VACATED.

## I. INTRODUCTION

This case concerns the alleged infringement of a structural engineering firm's copyrighted designs, as well as the alleged misappropriation of that firm's other non-copyrighted trade secrets, by a former employee.

Plaintiff Patel Burica & Associates, Inc. ("PBA"), a structural engineering firm based in Irvine, California, filed this action against defendants Jason Lin, a structural engineer formerly employed by PBA, and JKL Structural Engineering ("JKL"), a new entity formed by Lin, on September 25, 2019. See ECF No. 1 ("Compl."). Defendants Lin and JKL filed a motion to dismiss the complaint's trade secret and copyright claims for relief on November 12, 2019. See ECF No. 16-1. On December 19, 2019, the Court granted the motion, without prejudice, as to PBA's first claim for copyright infringement, but denied the motion with respect to PBA's second claim for trade secret misappropriation. See ECF No. 23 ("MTD Order").

PBA filed a first amended complaint on December 30, 2019. See ECF No. 24 ("FAC"). The first amended complaint includes and attaches new allegations and exhibits to support PBA's copyright claim for relief. Defendants Lin and JKL filed the instant motion to dismiss the first amended complaint's copyright claim for relief on January 13,

2020. See ECF No. 25 ("MTD"). PBA filed an opposition on January 17, 2020. See ECF No. 26 ("Opp."). On January 24, 2020, defendants filed a reply. See ECF No. 27 ("Reply").

The Court took this matter under submission on January 30, 2020. See Scheduling Order, ECF No. 28. Having carefully considered the parties submissions, the Court finds and concludes as follows.

## II. FACTUAL BACKGROUND

For the purpose of this motion, and unless stated otherwise, the Court assumes the truth of the following factual allegations.

PBA is a structural engineering firm based in Irvine, California. FAC ¶ 3. Defendant Lin is a structural engineer who was employed by PBA between 2011 and 2014 as a staff engineer. Id. ¶ 4. In that role, Lin had access to PBA's computer systems, where PBA stored its proprietary and copyrighted designs. Id. ¶¶ 7-9. After leaving PBA, Lin joined a competing engineering firm in Irvine and also formed a new entity based in Arcadia, California—defendant JKL—to provide private structural engineering services to clients. Id. ¶¶ 5, 9-10.

In the course of its business, PBA "created numerous copyright-protected design details and notes" for use in its structural plans and registered the designs with the United States Copyright Office. Id. ¶ 6 (alleging that the designs received registration number VAu 1-369-036). PBA attaches these designs and notes Exhibit A to the first amended complaint, and collectively refers to them as the "Copyrighted Material." Id. ¶ 6, Ex. A at 1-11. Specifically, the Copyrighted Material contains scale plans for a single-family house, including specific information regarding the exact placement of hardware, appliances, fixtures, windows, cabinetry, and doors, among other features, as well as designs and instructions to build various structural and engineering elements. See id. Ex. A. PBA claims that the Copyrighted Material "was developed in-house by PBA over a period of years, and does not include commercially available details or notes." Id.

In 2019, PBA claims it discovered plans that Lin and JKL had prepared for the construction of a new private home in Arcadia, California referred to by JKL as "Job No. 068." Id. ¶ 11. These discovered plans are attached as Exhibit B to the first amended complaint. See id. Ex. B. PBA subsequently discovered plans for another home prepared

by JKL and Lin referred to as “Job No. 120.” Id. These discovered plans are attached as Exhibit C to the first amended complaint. See id. Ex. C. Comparing the Copyrighted Material to the discovered plans, PBA alleges that the designs are “substantially similar” given that “[m]any of the details and notes on the [defendants’] plans are completely identical,” and that other details are similar “with only slight modification” by defendants. Id.

The first amended complaint identifies three separate design details that it claims defendants copied. First, PBA states that its “Typical Reinforcement” detail—detail 17 on sheet SD1 of its copyrighted design—is “identical to” defendants’ detail 12 on sheet SD1 in its plans. Compare FAC Ex. A at 6, with id. Ex. B at 2 and id. Ex. C at 5. Second, PBA alleges that its “Vented Eave Block” detail—which is detail 13 on sheet SD3 of PBA’s copyrighted design—is “identical to” detail 13 on sheet SD3 in defendants’ designs. Compare FAC Ex. A at 8 with id. Ex. B at 4 and id. Ex. C at 7. And third, PBA alleges that defendants “Typical Top Plate Splice” detail—detail 3 on sheet SD5 of PBA’s copyrighted design—is “identical to” defendants’ detail 5 on sheet SD2 of its design. Compare FAC Ex. A at 10 with id. Ex. B at 3 and Ex. C at 6.

On the basis of these three details, PBA claims that Lin “took PBA’s Copyrighted Material . . . prior to the end of his employment with PBA in 2014,” copied it, and has been using it to enrich himself and JKL. Id. ¶¶ 12, 13-15.

## III. LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if “there is a ‘lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.’” Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep’t, 901 F.2d 696, 699 (9th Cir. 1988)). “While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff’s obligation to provide the ‘grounds’ of his ‘entitlement to relief’ requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.” Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). “Factual allegations must be enough to raise a right to relief above the speculative level.” Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Courts in the Ninth Circuit may dismiss copyright claims at the pleading stage when those claims are deficient on their face. See Rentmeester v. Nike, Inc., 883 F.3d 1111, 1123 (9th Cir. 2018); see also Gadh v. Spiegel, No. 14-CV-00855, 2014 WL 1778950, at *3 n. 2 (C.D. Cal. Apr. 2, 2014) (collecting cases and finding that for "fifty years" courts have followed the Ninth Circuit's decision in Christianson v. West Publishing Co., 149 F.2d 202, 203 (9th Cir. 1945) to "dismiss[] copyright claims that fail from the face of the complaint . . . in light of all matters properly considered on a motion to dismiss").

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. Proc. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (holding dismissal with prejudice is appropriate only when the complaint could not be saved by amendment).

## IV. DISCUSSION

Defendants move to dismiss the copyright infringement claim. To state a claim for copyright infringement, a plaintiff must allege (1) "ownership of a valid copyright," and (2) "copying of constituent elements of the work that are original." Feist Publications, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991).

The first element "breaks down into the following constituent parts": (a) originality in the author; (b) copyrightability of the subject matter; (c) a national point of attachment of the work, such as to permit a claim of copyright; and (d) compliance with applicable statutory formalities. Minx Int'l Inc. v. Club House Creations Inc., No. 15-CV-05645-CAS (PLAx), 2016 WL 878479, *3 (C.D. Cal. Mar. 7, 2016) (quoting 4-13 Nimmer on Copyright § 13.01 (2015)). A valid "copyright registration certificate constitutes *prima facie* evidence" of ownership. Feist, 499 U.S. at 361.

The second element, copying, may be established (a) with direct evidence that the defendant actually copied the work, or (b) by showing that the defendant (i) had access to the work and (ii) that the works are "substantially similar." L.A. Printex Indus., Inc. v. Aeropostale, Inc., 676 F.3d 841, 846 (9th Cir. 2012). "[I]n the absence of any proof of access, a copyright plaintiff can still make out a case of infringement by showing that" the work and the alleged copy are "strikingly similar." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000).

Substantial or striking similarity is, in turn, determined by "a two-part test of extrinsic similarity and intrinsic similarity." Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). "[T]he extrinsic test requires that the plaintiff identify concrete elements based on objective criteria" that the works are similar. Id. There are two-steps to the analysis: the Court (1) identifies the *protected* elements of the plaintiff's work, and then (2) determines whether the *protected* elements are objectively similar to the corresponding elements of the allegedly infringing work. See Malibu Textiles, Inc. v. Label Lane Int'l, Inc., 922 F.3d 946, 952-53 (9th Cir. 2019). "Once the extrinsic test is satisfied, the factfinder applies the intrinsic test . . . and asks 'whether the ordinary, reasonable person would find the total concept and feel of the works to be substantially similar.'" Id. (quoting Pasillas v. McDonald's Corp., 927 F.2d 440, 442 (9th Cir. 1991) (internal quotations omitted)). "At the pleading stage," however, "the Court considers only the extrinsic test." Malibu Textiles, Inc., 922 F.3d at 952.

PBA satisfies the first element of ownership by alleging the valid copyright registration number that applies to the allegedly Copyrighted Material. See Feist, 499 U.S. at 361 (holding that a valid "copyright registration certificate constitutes *prima facie* evidence" of ownership); see also MTD Order at 4 (concluding that PBA satisfied the ownership element by simply alleging that it possessed a valid registered copyright, even without alleging the registration number) (citing Masterson v. Walt Disney Co., No. 18-CV-5966 MWF (PLAx), 2019 WL 1581400, at *5 (C.D. Cal. Jan. 29, 2019)).

However, PBA still fails to satisfy the second element of copying pursuant to a substantial similarity theory. Specifically, while PBA alleges facts that, if true, would establish that defendants (i) had access to the Copyrighted Material (see FAC ¶¶ 4-5, 9-10), PBA fails to allege facts that the defendants (ii) produced infringing designs that are substantially similar to *protected* elements of PBA's designs. See Malibu Textiles, Inc., 922 F.3d at 952 (holding that the extrinsic test used to test the sufficiency of a plaintiff's copying allegations on a substantial similarity theory requires a plaintiff to allege the *protectable elements* of its work that it claims the defendant copied).

None of the three allegedly infringed architectural details identified in the first amended complaint are, standing alone, protectable elements under the copyright laws. This is because, with respect to architectural designs, "individual standard features and architectural elements classifiable as ideas or concepts are not themselves copyrightable." Thomson v. HMC Grp., No. 13-CV-03273-DMG (VBKx), 2015 WL 11256775, at *10 (C.D. Cal. Oct. 29, 2015) (quoting Intervest Const., Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914, 919 (11th Cir. 2008) (citing 17 U.S.C. § 101 and 17 U.S.C. § 102(a)(8))); see also Savant Homes, Inc. v. Collins, 809 F.3d 1133, 1139 (10th Cir. 2016) (same) (citing cases); 1 Nimmer on Copyright § 2A.09 (2019) (explaining that the "exclusion of protection for standard features indicates that Congress did not intend to extend copyright protection to as-built individual standard features") (internal citation omitted). Rather, only "an architect's original combination or arrangement of such elements may" receive copyright protection. Thomson, 2015 WL 11256775, at *10 (citations omitted); see also Zalewski v. Cicero Builder Dev., Inc., 754 F.3d 95, 103–04 (2d Cir. 2014) (explaining that "doors and walls are not copyrightable, but their arrangement in a building" can be); accord 1 Nimmer on Copyright § 2A.09 (2019) ("After excluding from protection 'standard features,' what remains is 'an architect's original combination or arrangement of such features.'").

As a result, courts do not afford copyright protection to individual elements of architectural designs involving, *inter alia*, "individual standard features, such as windows, doors, and other staple building components," "design elements attributable to building codes," "methods of construction," or "features that are essential or common to the architectural style within which the builder designed the structure." Thomson, 2015 WL 11256775, at *10 (citations omitted). For the same reason, a leading treatise explains that the Copyright Act "accords protection" to architectural elements "only when the design elements are not functionally required," 1 Nimmer on Copyright § 2A.09 (2019), with the consequence that "purely functional elements of an architectural work, such as innovations

in architectural engineering or construction techniques” will not receive copyright protection standing alone, 11 Nimmer on Copyright 923 (2019). See, e.g., Harvester, Inc. v. Rule Joy Trammell + Rubio, LLC, 716 F. Supp. 2d 428, 441 (E.D. Va. 2010) (stating that “[t]he legislative history [of the Copyright Act] makes clear that functionally-required design components do not receive copyright protection under § 102(a)(8),” and concluding that the “arrangement and coordination decisions in [a]rchitectural [d]rawings that were dictated by functional considerations” accordingly “cannot be protected expression”); Small v. Exhibit Enterprises, Inc., 364 F. Supp. 2d 648, 652 (E.D. Mich. 2005) (“In cases that involve a functional object, it is necessary to eliminate those elements dictated by efficiency”); Trek Leasing, Inc. v. United States, 66 Fed. Cl. 8, 16 (2005) (“elements dictated by efficiency, necessity, or external factors must also be filtered out of the court's infringement analysis”) (citing Kohus v. Mariol, 328 F.3d 848, 856 (6th Cir. 2003) and Matthew Bender & Co. v. West Publ’n Co., 158 F.3d 674, 682 (2d Cir. 1998)).

The design details that Lin and JKL allegedly infringed in this case all fall within the scope of these unprotected exclusions. The Typical Reinforcement design, for example, illustrates a method to construct ground-embedded reinforcements that functionally support a residential home’s foundation, and secure it against seismic or geological events. The Vented Eave Blocks design details a method to build eaves that functionally permit ventilation by perforating holes in alternating bays. And the Typical Top Plate Splice merely displays a preferred method to splice the top plates that are placed above any shear, bearing, or exterior walls. These are “staple building components” and/or “methods of construction” that, even drawing all reasonable inferences in PBA’s favor and accepting its allegations as true, plainly serve patently functional purposes, even if in allegedly innovative or novel ways. Thomson, 2015 WL 11256775, at *13 (“Architects cannot claim that good engineering is original to them—or at least can get no copyright protection for it.”) (quoting Zalewski, 754 F.3d at 106). They are not design elements that are protectable under the copyright laws, even if they are components of a larger design that has received copyright protection in the aggregate. See Sari v. Am.’s Home Place, Inc., 129 F. Supp. 3d 317, 327 (E.D. Va. 2015) (concluding that, even though plaintiff “obtained a registration on the Highlighted Plans,” plaintiff failed to allege a valid copyright infringement claim because the elements allegedly infringed were either “unoriginal” or otherwise functional elements “not protectable under” the Copyright Act).

Furthermore, although a combination of unprotectable elements may be eligible for some form of copyright protection “if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original

work of authorship," Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003), PBA does not at this time allege any facts to support a theory that a combination or arrangement of the three unprotected elements it alleges forms a protected composition. Cf. Thomson, 2015 WL 11256775, at *10 (explaining that "an architect's original combination or arrangement of such elements may" receive copyright protection) (citing cases); see also 11 Nimmer on Copyright 923 (2019) ("The Copyright Act protects . . . the arrangement and composition of spaces and elements in the design.") (internal marks omitted).[1]

The Court accordingly concludes that PBA's first amended complaint fails to state a claim for copyright infringement. See, e.g., Evans v. McCoy-Harris, 17-CV-08345-DMG (AGRx), 2019 WL 1002512, at *3 (C.D. Cal. Jan. 4, 2019) (granting motion to dismiss where plaintiff failed to allege that defendant infringed upon any "protectable elements of the [allegedly] infringed works"); Fuzzy Logic Prods., Inc. v. Trapflix, LLC, No. 15-CV-06203 PA (SSx), 2015 WL 12791508, at *4 (C.D. Cal. Nov. 20, 2015) (granting motion to dismiss because the defendant's alleged infringement of "unprotectable elements . . . do not allege sufficient facts to state a plausible claim for copyright infringement"). Even though PBA alleges facts that defendants had access to and reproduced near-identical elements of PBA's designs, the allegations merely support the assertion that the defendants "copied only the unprotected elements of [its] designs." Zalewski, 754 F.3d at 106 (affirming summary judgment to defendant); see also 4 Nimmer on Copyright § 13.03 (2019) (approving of decision that found "no copyright infringement because the floor plans at issue were similar only with respect to their noncopyrightable elements"). As in Zalewski, "this is not enough" since it alleges "at most copying, not wrongful copying." Id. at 106; see Rentmeester, 883 F.3d at 1117 (affirming dismissal, and stating that "unlawful appropriation—that is, illicit copying—is necessary because

[1] Nor does it appear at this point, without prejudging allegations not currently before the Court, that the three design elements discussed in the first amended complaint, without more, could possibly amount to such a combination or arrangement. Cf. Satava, 323 F.3d at 811; e.g., Harvester, Inc., 716 F. Supp. 2d at 441 (the "arrangement and coordination decisions in [a]rchitectural [d]rawings that were dictated by functional considerations . . . cannot be protected expression"). The combination of other *protectable* common elements of the copyrighted plans and the allegedly infringing material *may* plausibly state a claim for infringement. However, those other protectable common elements need to be identified and alleged before the Court can determine whether they allege a prima facie case of substantial similarity.

copyright law does not forbid all copying"); e.g., Nw. Home Designing, Inc. v. Benjamin Ryan Communities, LLC, No. C14-5808BHS, 2016 WL 5373144, at *8 (W.D. Wash. Sept. 26, 2016) (entering summary judgment for defendant because "no amount of access or copying will suffice to show infringement if there is no wrongful copying").

Notwithstanding these deficiencies, the Court will grant PBA leave to file a second amended complaint, if it chooses to do so. See Evans, 2019 WL 1002512, at *4 (stating that "[t]he general rule in copyright cases is that dismissal without leave to amend is proper when the court determines the works are not substantially similar," and granting leave to amend because the plaintiff "made allegations of similarity" and "may be able to cure her deficient allegations") (citing Schkeiban v. Cameron, No. 12-CV-00636-R MAN(x), 2012 WL 5636281, at *1 (C.D. Cal. Oct. 4, 2012), aff'd, 566 Fed. App'x. 616 (9th Cir. 2014)).

## V. CONCLUSION

In accordance with the foregoing, the motion to dismiss the copyright claim alleged in the first amended complaint is **GRANTED**. That claim is **DISMISSED** without prejudice, and PBA shall have 14 days to file a second amended complaint, if any.[2]

IT IS SO ORDERED.

00:00
CMJ

[2] Because the Court dismisses PBA's copyright claim without prejudice, the dismissal does not extinguish the Court's subject matter jurisdiction over this dispute between non-diverse parties. The Court reserves decision on whether to exercise supplemental jurisdiction over the remaining CUTSA claim, in the event it ultimately dismisses the copyright claim without leave to amend. See 28 U.S.C. § 1367(c)(3).